IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, et al.,

            Plaintiffs,

v.                                          CIVIL ACTION NO. 3:05-0784

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

            Defendants,

and

ARCOMA COAL COMPANY, et al.,

            Intervenors Defendants.

**MEMORANDUM OPINION AND ORDER REGARDING MOTION TO LIMIT
REVIEW TO THE ADMINISTRATIVE RECORD**

Plaintiffs brought this action under the Clean Water Act (CWA), 33 U.S.C. §§ 1251, *et seq.,* the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321, *et seq*., and the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. They challenge the Corps' final agency decisions to issue individual CWA, section 404, permits for three surface mines. These permits allow Intervenors to dump fill material from their mining operations into streams, a practice referred to as valley fills. Plaintiffs claim that the Corps has failed to comply with requirements under NEPA and the CWA and seek judicial review of the Corps' decisions under the APA. Plaintiffs have filed a Motion for Preliminary Injunction and a related Motion for a Temporary Restraining Order. The Court granted, in part, a TRO and scheduled a hearing on the preliminary injunction. The parties

have presented a threshold issue for the Court to resolve, which will affect the preliminary injunction hearing, the litigation schedule, and, perhaps, the ultimate resolution of this action.

Because Plaintiffs' complaint arises in the context of judicial review under the APA, the Court is usually limited to review of the administrative record. However, exceptions have been noted which allow reviewing courts to supplement the administrative record with evidence presented by the parties. In this case, the Corps filed its Motion to Limit Review to the Administrative Record shortly after the parties conducted their Rule 26(f) Meeting in anticipation that the Court would rule on the question prior to the scheduling conference. Now, the imminent preliminary injunction hearing requires the Court to address the motion more quickly.

The Court begins with the premise that the review of agency action under the APA is limited to the administrative record before the agency at the time of its decision. *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Nonetheless, as both parties recognize, there are circumstances which justify a reviewing court allowing extra-record evidence to be considered along with the administrative record. While the parties disagree on just what exceptions are allowed, the Court need not resolve the exact parameters of the exceptions at this stage.

Plaintiffs contend that extra-record evidence should be considered for four purposes. First, Plaintiffs contend that the Corps has omitted "vital data and analysis" from the record it relied upon in making its decisions. Plaintiffs submit that evidence as to customary practices and consensus views in the relevant scientific fields is necessary to demonstrate the Corps' alleged failure to adequately consider environmental impacts. Next, Plaintiffs point to the exception which permits technical and scientific information in the record to be explained by extra-record evidence. Third, Plaintiffs argue that APA judicial review of NEPA claims require extra-record evidence that an

agency failed to consider a material environmental consequence. Finally, Plaintiffs want to offer evidence of irreparable harm for purposes of their preliminary injunction motion. This latter exception is the only one acknowledged by the Corps as appropriate here.

The Court **DENIES** the Corps motion and will allow Plaintiffs to supplement the administrative record to the extent described in this Order. First, Plaintiffs must offer evidence of irreparable harm for purposes of the preliminary injunction motion and this may include evidence not found in the record, whether lay, scientific or technical evidence. Second, the parties will be permitted to offer explanations of scientific or technical terms or complex subject matter. Many of the subjects discussed by the parties in their pleadings involve expertise. This exception is well-recognized and equally benefits all parties and the Court. The Court will keep in mind the admonition that its review of the agency decisions is not a battle of competing experts. Third, the Court finds that extra-record evidence may be submitted in support of Plaintiffs' claims that relevant factors were ignored or inadequately addressed in violation of NEPA standards.

This latter exception is vigorously contested by the Corps and Intervenors. In reaching the conclusion that extra-record evidence may be submitted here, the Court first considers the purpose of its review of the agency's compliance with NEPA. "A court examining the sufficiency of an agency's environmental analysis under NEPA must determine whether the agency has taken a 'hard look' at an action's environmental impacts." *National Audubon Society v. Dept. of Navy*, 422 F.3d 174, 185 (4th Cir. 2005) (citing *Hughes River Watershed Conservancy v. Glickman,* 81 F.3d 437, 443 (4th Cir. 1996)). "What constitutes a 'hard look' cannot be outlined with rule-like precision. At the least, however, it encompasses a thorough investigation into the environmental impacts of an agency's action and a candid acknowledgment of the risks that those impacts entail." *Id.*

(citations omitted). There, the Fourth Circuit elaborated on the considerations that guide the reviewing court's assessment. First, an agency's NEPA obligations are case-specific, and the Court must conduct a searching and careful inquiry into the facts and the agency's consideration of relevant factors considered by the agency. Also, the Court must view the agency's actions as a whole, and not single out a trivial inadequacy or minor deficiency to reverse an agency decision. *Id.* at 186. Even so, as noted by *Department of Navy*, "[a] reviewing court must therefore examine all of the various components of an agency's environmental analysis in order to determine, on the whole, whether the agency has conducted the required 'hard look.'" *Id.* Clearly, then, the Court must bear in mind the nature of the NEPA claim when deciding to admit or preclude extra-record evidence in its review.

Next, there is strong precedent for exceptions to the record-only review where NEPA claims are asserted. The Court finds *County of Suffolk v. Secretary of the Interior*, 562 F.2d 1368 (2nd Cir. 1977), and subsequent cases applying it, persuasive authorities. In *County of Suffolk*, the Second Circuit recognized that in NEPA claims, the court must insure that the decision-maker has sufficient information to discuss and analyze the environmental effects and alternatives, which may entail looking outside the administrative record to see what the agency may have ignored. Allegations that the agency has neglected to consider, or failed to adequately discuss, a serious environmental consequence permit extra-record evidence. *Id*. at 1384-85. On this point, *County of Suffolk* remains good law in the Second Circuit and persuasive in other circuits.[1] For instance, in *National Audubon*

---

[1] The Corps argues that *County of Suffolk* was implicitly overruled by *Marsh v. Oregon National Resources Council*, 490 U.S. 360 (1989). The Court disagrees. *Marsh* only replaced the "rule of reasonableness" standard with the "arbitrary and capricious" standard.

*Society v. Hoffman*, 132 F.3d 7 (2nd Cir. 1997), the Second Circuit noted *County of Suffolk* and stated:

> because NEPA imposes a duty on federal agencies to compile a comprehensive analysis of the potential environmental impacts of its proposed action, and review of whether the agency's analysis has satisfied this duty often requires a court to look at evidence outside the administrative record.

132 F.3d at 14-15. In *National Audubon Society v. U.S. Forest Service*, 46 F3d 1437 (9th Cir. 1994), the Ninth Circuit applied the exception discussed in *County of Suffolk* to admit an expert's affidavit in support of a claim that the Forest Service neglected to mention a serious environmental consequence. *See also Lee v. United States Air Force*, 354 F.3d 1229, 1242 (10th Cir. 2004) (stating, in a NEPA context, extra-record evidence may illuminate whether an Environmental Impact Study omitted or inadequately discussed a significant matter).

The Fourth Circuit also adopted the exception explained in *County of Suffolk*. In *Webb v. Gorsuch*, 699 F.2d 157 (4th Cir. 1983), the Fourth Circuit considered the matter a "threshold issue" and concluded that several extra-record affidavits should be considered. Applying the "arbitrary and capricious" standard of review in a NEPA suit challenging the Environmental Protection Agency's decision not to require an Environmental Impact Study (EIS), the Court pointed out that courts generally look outside the record. 699 F2d at 159 n.2 (citing *County of Suffolk*). The continued vitality of *County of Suffolk* is apparent. That a NEPA claim is at issue in the judicial review of agency action does not create a blanket exception to the administrative record limitation, but it is a factor in determining whether an exception applies. Plaintiffs' allegations are that the Corps failed to adequately consider serious environmental consequences in its judgment to issue these section 404 permits without requiring an EIS. Under NEPA, the Corps is required to prepare an

environmental assessment (EA) and either make a Finding of No Significant Impact (FONSI) or require an EIS. The EA must reveal that the Corps took a "hard look" at the environmental consequences and considered reasonable alternatives. These claims call for the Court to exercise its discretion to allow evidence outside the record.

The Court finds *Department of Transportation v. Public Citizen*, 541 U.S. 752 (2004), inapplicable. As the Court understands Plaintiffs' desire to offer extra-record evidence, Plaintiffs intend to support the objections and concerns raised in the comments they and others offered the Corps. In that sense, they are, as the Court perceives it, raising positions and contentions about which the Corps was alerted. As *Public Citizen* reaffirms, NEPA imposes its obligations on the Corps, not Plaintiffs, to conduct adequate analysis of environmental consequences. In this action, they will have to prove that the Corps' determinations are fatally flawed, such that the Corps acted arbitrarily and capriciously in failing to consider and discuss those flaws.

Intervenors urge a review limited to the administrative record and the aquatic impacts from the section 404 permits. They assert Plaintiffs are attacking mining activities that are not within the scope of the Corps' authority. Like the Corps, Intervenors point to the voluminous record, portions of which are cited to demonstrate the Corps addressed, in some fashion, many or all of the complaints raised by Plaintiffs. Plaintiffs have not directly responded to Intervenors' claims in the context of extra-record evidence, but the Court has considered their arguments in the preliminary injunction papers bearing on this matter. There, it is evident that Plaintiffs assert violations of NEPA and CWA section 404 duties imposed upon the Corps. At this early stage, the Court cannot determine precisely the scope of activities which fall within the NEPA and section 404 considerations. But, as noted above, where the NEPA claims assert a failure to consider relevant

factors or to adequately analyze serious environmental consequences, extra-record evidence is permitted. Plaintiffs will have to demonstrate that the mining activities about which they complain are pertinent to the Corps' duties. Plaintiffs bear the burden of demonstrating that consequences which Intervenors argue are beyond the reach of the Corps' role are relevant.

Accordingly, the Court **DENIES** the Corps' Motion to Limit Review to the Administrative Record. Plaintiffs will be permitted to offer evidence not contained in the administrative record for the reasons stated.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

    ENTER:    March 31, 2006

    ROBERT C. CHAMBERS
    UNITED STATES DISTRICT JUDGE