IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, et al.,

          Plaintiffs,

v.                                       CIVIL ACTION NO. 3:05-0784

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

          Defendants,

and

ARCOMA COAL COMPANY, et al.,

          Intervenors Defendants.

**MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION FOR
CLARIFICATION OF THE COURT'S ORDER**

This action involves Plaintiffs' challenge to the Corps' final agency decisions to issue individual Clean Water Act (CWA), 33 U.S.C. §§ 1251, *et seq.*, section 404, permits for three surface mines. Plaintiffs claim that the Corps has failed to comply with requirements under the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321, *et seq.*, and the CWA and seek judicial review of the Corps' decisions under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. After the parties conducted their Rule 26(f) Meeting, the Corps filed a motion to limit review to the administrative record. On March 31, 2006, this Court entered a memorandum opinion and order denying the Corps' motion to limit review to the administrative record and permitting Plaintiffs to supplement the record in accordance with said order. At the time the Court entered the order, a preliminary injunction hearing was scheduled to proceed within a few days. Before the

hearing began, the parties informed the Court that they had reached an agreement which negated a need for the hearing. The parties agreed that the case should proceed directly to a hearing on the merits. The Corps then filed its motion for clarification of the Court's March 31st order (Doc. 88). Based upon the following explanation, the Court **DENIES** the motion for clarification.

In its motion, the Corps' seeks clarification in the form of two requests. First, the Corps requests that any extra-record evidence proffered by the parties be presented to the Court in advance of the hearing on the merits. By receiving the evidence in advance, the Corps argues that the Court will be able to determine whether the Plaintiffs have met their burden to establish that the administrative record is inadequate, the proffered evidence supports an objection or comment previously made during the public comment period, and the evidence fits within one of the narrow exceptions identified by the Court. Second, the Corps requests that any extra-record evidence considered by the Court shall be submitted in written form only, and not by live testimony.

Plaintiffs' allegations are that the Corps failed to adequately consider serious environmental consequences in its judgment to issue section 404 permits without requiring an Environmental Impact Statement (EIS) in violation of NEPA standards. As discussed in the March 31st order, when the claim is that an agency ignored or inadequately addressed certain relevant factors, an examining court must determine whether the agency has taken a "hard look" at an action's environmental impacts. This examination includes a searching and careful inquiry into the case-specific facts and the agency's consideration of relevant factors.

The decision by the Court to admit or preclude extra-record evidence is inextricably linked to the merits of the Plaintiffs' case. Plaintiffs' ability to show at the hearing on the merits that relevant factors were ignored or inadequately addressed by the Corps is essential to prove its claim

against the Corps. In order for the Court to determine if the agency has taken a "hard look" at all the relevant factors, the Plaintiffs may submit extra-record evidence as to the relevant factors and the Corps' application, if any, of those relevant factors. As the Ninth Circuit commented,

> It will often be impossible, especially when highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not. The court cannot adequately discharge its duty to engage in a "substantial inquiry" if it is required to take the agency's word that it considered all relevant matters.

*Asarco, Inc. v. U.S. Environmental Protection Agency*, 616 F.2d 1153 (9th Cir. 1980). The hearing on the merits of this case will determine whether the Corps considered all relevant factors. It is the Court's duty to engage in a careful examination as to whether the Corps took the requisite "hard look" at all the relevant factors. This Court cannot make any determination of the extra-record evidence submitted by Plaintiffs in advance of the trial as requested by the Corps.[1] Such determination is not a "threshold determination," but rather goes to the very merits of the Plaintiffs' claim.

The Corps further argues that extra-record evidence must be submitted in advance in order for the Court to determine whether the proffered evidence supports a comment or objection made by the Plaintiffs during the public comment period. At the time of the March 31st order, the Court was under the impression, and so stated, that Plaintiffs intended to submit extra-record evidence to support their concerns and objections made during the public comment. However, the Court did not rule, as suggested by the Corps, that Plaintiffs may only submit such evidence.

---

[1]This is also true for any evidence offered to explain scientific or technical terms or complex subject matter. The Court also notes that the finding in the March 31st order that Plaintiffs may submit evidence of irreparable harm for purposes of the preliminary injunction motion is now a moot issue.

The Supreme Court in *Department of Transportation v. Public Citizen* did not hold that a court reviewing an agency's compliance with NEPA may only consider issues which the plaintiffs had fully developed during the comment period. 541 U.S. 752, 764 (2004). In fact, the Supreme Court recognized that in certain circumstances "an EA's or an EIS' flaws might be so obvious that there is no need for a commentator to point them out specifically in order to preserve its ability to challenge a proposed action." *Id.* Examining the specific facts of the case before it, the Court determined that those circumstances did not exist. *Id.* In that case, the plaintiffs sought to challenge the EA for failure to consider possible alternatives. Given the fact that the Supreme Court ultimately held that the agency in question lacked the statutory authority to evaluate the environmental effects or any alternatives, the discussion that the agency was not properly given the opportunity to examine any proposed alternatives is not determinative on this issue.

To find that this Court may not consider any extra-record evidence which was not specifically raised during the comment period would "in effect shift the burden of insuring the adequacy of the EIS to environmental challengers, even though the primary and nondelegable responsibility for providing such an analysis lies with the agency." *Suffolk County v. Secretary of Interior*, 562 F.2d 1368 (2d Cir. 1977). Plaintiffs who offer their concerns or objections during public comment period are not forced to prove each alleged environmental impact before the agency with exacting detail. "Compliance with NEPA is a primary duty of every federal agency; fulfillment of this vital responsibility should not depend on the vigilance and limited resources of environmental plaintiffs." *City of Davis v. Coleman*, 521 F.2d 661 (9th Cir. 1975). Accordingly, the Plaintiffs are not barred from submitting extra-record evidence relating to any factor the Plaintiffs claim that the

Corps failed to adequately consider even if the issues discussed were not fully developed in their public comments.

Finally, the Corps requests that any extra-record evidence be submitted in written form only. The Court finds no basis for this request. The two main cases cited by the Corps do not involve circumstances similar to this case. In *Cronin v. U.S. Dep't of Agriculutre*, the plaintiffs filed for a preliminary injunction in the district court to stop clear-cutting of trees after appealing within the administrative scheme a forest supervisor's decision to reinstate a plan of logging. 919 F.2d 439 (7th Cir. 1990). The preliminary injunction was denied and the court ordered an evidentiary hearing to review *de novo* the decision by the forest supervisor to reinstate the logging. *Id.* at 443-444. The Seventh Circuit addressed the circumstances when a plaintiff seeks a preliminary injunction against the execution of an agency's decision and the record is incomplete. *Id.* at 446-447. It held that the district court may hold an evidentiary hearing if the record was incomplete when filed, but the district court may not hold further evidentiary hearings when the administrative record is complete, and the plaintiffs simply disagree with the decision. *Id.*

In *Sierra Club v. United States Army Corps of Engineers*, the Second Circuit reviewed the actions taken by the district court in its *de novo* review of an agency's decision to issue a landfill permit. 722 F.2d 1043 (2d Cir. 1985). The court determined that the district court improperly substituted the interpretation of plaintiffs' expert witnesses for those of the experts that the agency had relied upon in making its decision to issue the permit. *Id*. at 1052. However, other issues in the case prohibiting a finding of reversible error. *Id.*

At best, these cases reaffirm that a district court may not conduct a *de novo* review of an agency's decision under NEPA in order to determine whether the agency made the proper decision.

They do not stand for the proposition that a district court may not hear live testimony at a hearing for a claim by plaintiff that an agency ignored or inadequately addressed relevant factors. This Court has determined that based upon Plaintiffs' claim, they may submit extra-record. The Court sees no justification for limiting the evidence to written form only. Therefore, the extra-record evidence may be in the form of either written or live testimony. *See Suffolk County*, 562 F.2d at 1374 (permitting the admission of both "testimonial and documentary" evidence).

NEPA imposes only procedural requirements on federal agencies to ensure that agencies undertake analyses of the environmental impact of their proposals and actions. *Robertson v. Methow Valley Citizens Council*, 409 U.S. 332, 349-350 (1989). In this case, Plaintiffs challenge the procedural process employed by the Corps. As explained in the March 31st order, Plaintiffs are permitted, in support of their claims, to supplement the administrative record in order for the Court to determine if the Corps followed the proper procedure and also to explain scientific or technical matters.

Based upon the foregoing discussion, the Court **DENIES** the motion for clarification. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:      May 17, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE