IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, et al.,

           Plaintiffs,

v.                                           CIVIL ACTION NO. 3:05-0784

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

           Defendants,

and

ARCOMA COAL COMPANY, et al.,

           Intervenor Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is the Intervenor Defendants' motion to dismiss, for judgment on the pleadings, or for summary judgment as to count II of the amended complaint and supplemental complaint (Doc. 37). For the following reasons, the motion is **DENIED**.

      This action involves Plaintiffs' challenge to the Corps' final agency decisions to issue individual Clean Water Act (CWA), 33 U.S.C. §§ 1251, *et seq.*, section 404, permits for three surface mines.[1] Plaintiffs claim that the Corps has failed to comply with requirements under the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321, *et seq.*, and the CWA, and seek judicial review of the Corps' decisions under the Administrative Procedure Act (APA), 5 U.S.C. §§

---

[1] A separate action filed, challenging the issuance of the Laxare East mine permit, was consolidated into this case as well. At the time that the Intervenors filed this motion, only three permits were at issue.

701-706.  In their motion, the Intervenors argue that count II of Plaintiffs' amended complaint fails for two reasons: (1) the claims were previously resolved in *Bragg v. Robertson*, No. Civ. 2:98-0636, and claim preclusion applies; and (2) West Virginia issued certification under CWA § 401, which the Corps is entitled to rely upon.

I.  **Claim Preclusion under the *Bragg* Litigation**

In 1998, multiple citizens and the West Virginia Highland Conservancy (WVHC), also a party in this lawsuit, filed an action claiming, in counts 1-10, 14 and 15, that the West Virginia Division of Environmental Protection (WVDEP) has engaged in an ongoing pattern and practice of violating their duties under the Surface Mining Control and Reclamation Act of 1977 (SMCRA), 30 U.S.C. § 1270(a)(2), to comply with state and federal water quality standards.  In count 4, plaintiffs specifically alleged that valley fills from surface mines "degrade stream segments downstream from the fills," in violation of West Virginia's anti-degradation standard.  *Bragg*, Am. Compl. at ¶ 84.  In counts 11-13, plaintiffs claimed that the Corps exceeded its statutory jurisdiction to permit and regulate surface mining valley fills under the CWA and NEPA.  The case also challenged the Corps' issuance of nationwide permits for the valley fills at issue.

In December of 1998, the parties entered into a settlement agreement, and dismissed with prejudice counts 11-13.  The settlement agreement contained the following language:

> The parties further agree that Plaintiffs shall not challenge the Corps' authority under CWA section 404 to authorize discharges of surface mining spoil into waters of the United States based on the argument that such spoil is not fill material pursuant to 33 C.F.R. § 323.2(e).

Settlement Agreement at 8, attached as Ex. 3 to Interv-Def.'s Mem. in Support of Mot. to Dismiss or for Summ. J. (Doc. 38); *see Bragg v. Robertson*, 54 F.Supp.2d 653 (S.D.W. Va. 1999)(granting plaintiffs' motion to dismiss counts 11-13 against the Corps pursuant to the settlement agreement).

In January of 2000, the plaintiffs entered into a consent decree with WVDEP, and dismissed with prejudice counts 4-10, 14 and 15. Included in the decree was a requirement that the director of WVDEP, "make site-specific written findings showing that pond placements are as close as practicable to the toes of the fills." Consent Decree at 8, attached as Ex. 6 to Interv-Def.'s Mem. in Support of Mot. to Dismiss or for Summ. J. (Doc. 38); *see Bragg v. Robertson*, 83 F.Supp.2d 713 (S.D.W. Va. 2000)(adopting and entering proposed consent decree).

In the present action, count II of Plaintiffs' complaint challenges the Corps' authority to issue individual permits for the discharge of liquid pollutants into the stream segments from the toes of the valley fills to the outfalls of the sediment ponds constructed within the affected streams under the CWA and NEPA. The Intervenors argue that this count raises the same claims as counts 4 and 11-13 in the *Bragg* litigation, and thus, claim preclusion applies.

Claim preclusion will apply when the following circumstances exist: "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990). Because this Court finds that this suit is not based upon the same cause of action as *Bragg*, and therefore, claim preclusion cannot apply, the Court does not address the question of whether the *Bragg* litigation involved the same parties or resulted in a judgment on the merits.

The Court can quickly dispose of the argument that count 4 of the *Bragg* complaint contains nearly an identical claim as count II in this case. The allegations in count 4 supported plaintiffs' claim against the director of the WVDEP for failing to comply with SMCRA, and West Virginia's anti-degradation policy as required by the CWA. Accordingly, the consent decree dismissing this count with prejudice is between the plaintiffs and the WVDEP. Although this agreement did require

the director of the WVDEP to ensure that sediment ponds are created as close to the valley fills as possible, the agreement does not resolve the present claim against the Corps for allegedly exceeding its authority under § 404 to issue permits for the discharge of liquid pollutants into the stream segments.

In regards to counts 11-13 of the *Bragg* complaint, those claims challenged the Corps' authority to permit and regulate surface mining valley fills in West Virginia's streams because, plaintiffs alleged, the waste material placed into the valley fills is not "fill material" as defined by the Corps' regulations. In the settlement agreement between plaintiffs and the Corps, the parties agreed that plaintiffs will not challenge the Corps' authority to "authorize discharges of surface mining spoil into waters of the United States based on the argument that such spoil is not fill material," pursuant to Corps regulations. Again, this agreement, covering the ability of the Corps to issue permits regulating the discharge of spoil, does not resolve the present claim against the Corps for allegedly exceeding its authority under § 404 to issue permits for the discharge of liquid pollutants into the stream segments.[2]

In the *Bragg* litigation, the plaintiffs were essentially challenging the ability of the Corps to issue any permit for the process of "mountaintop removal mining," the process of removing material from mountains and placing the spoil in the streams of nearby valleys. As stated in the settlement agreement, the result of the *Bragg* litigation was an agreement that the plaintiffs would not challenge this process by arguing that the waste placed into the streams was not "fill material." In this case,

---

[2]The Court notes that the language of the settlement agreement appears to narrowly prohibit future challenges by plaintiffs. The agreement only prohibits challenges to the authorization of the discharge into the valley fills "based on the argument that such spoil is not fill material" as defined by the Corps. Nothing in the agreement prohibits the plaintiffs from raising other arguments challenging the Corps' authority to permit the discharge into the valley streams.

the Plaintiffs are not challenging the valley fills themselves.[3] They are challenging the Corps authority under § 404 to permit the discharge between the valley fills and the downstream sediment pond. This claim is not precluded by the *Bragg* litigation.

## II. West Virginia's § 401 Water Quality Certification

The Intervenors next argue that count II of Plaintiffs' amended complaint must fail because West Virginia issued the § 401 certification, which the Corps is entitled and obligated to rely upon. The Court agrees with Plaintiffs that Intervenors' argument is not dispositive on the claims in count II, which challenge the Corps' authority under § 404 to permit discharges into the stream segments between the toe of the valley fills and the downstream sediment pond. Plaintiffs' claim is that the Corps has issued permits under § 404 for discharge into the "waters of the United States," which is neither "dredged or fill material" as required under that section. Even if West Virginia issued a certification that the activity under the mine permits meets state water quality standards, including within the stream segments, that certification does not bar a challenge to the Corps' authority to issue the § 404 permits. Accordingly, the Intervenors argument does not warrant a dismissal of count II.

## III. Conclusion

For the foregoing reasons, motion to dismiss, for judgment on the pleadings, or for summary judgment as to count II of the amended complaint and supplemental complaint (Doc. 37) is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to

---

[3] As Plaintiffs point out in their responsive brief, the EPA, subsequent to *Bragg*, changed the definition of "fill material" to allow the disposal of mine-related spoil into U.S. waters. *See* 33 C.F.R. 323.2(e)(2). Accordingly, the EPA has affirmatively resolved the central issue in *Bragg*.

counsel of record and any unrepresented parties.

ENTER: August 10, 2006

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE