IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, et al.,

            Plaintiffs,

v.                                       CIVIL ACTION NO. 3:05-0784

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

The Intervenor-Defendants seek reconsideration, revision or a partial stay of the Court's June 13, 2007 Memorandum Opinion and Order ("June 13 Order"). They also request entry of a final judgment as to the issues resolved by the June 13 Order so as to pursue an appeal. Defendant United States Army Corps of Engineers ("Corps") and Intervenor West Virginia Coal Association either join or do not oppose the Motion, but Plaintiffs oppose it on several grounds. Having considered the arguments, the Court **GRANTS** in part and **DENIES** in part Intervenor-Defendants' Motion.

In my June 13 Order, I found that the permits issued to the Intervenor-Defendants violated the Clean Water Act by purporting to allow sediment ponds to be constructed in streams. I concluded that the Corps does not have authority to permit the discharge of pollutants into streams and that the "waste treatment system" exclusion relied upon by the Corps in the permits was improper. To the extent the Motion seeks reconsideration or revision of the substance of that Order, the Motion is **DENIED**. Recognizing that the issues resolved by the June 13 Order were difficult

questions which were zealously contested by the parties, I **GRANT** the Motion to Stay to the effect of the June 13 Order and **ENTER** final judgment as to it, for the following reasons.

Plaintiffs challenged the subject permits on multiple grounds. Most of their challenge focused on the Corps' decision to issue the permits based on "mitigated FONSIs," without requiring environmental impact statements. I addressed that matter in my March 23, 2007 Memorandum Opinion and Order ("March 23 Order") rescinding and remanding the permits for further administrative proceedings. Prior to the bench trial and other extensive proceedings related to that decision, the parties had filed cross-motions for partial summary judgment on the legality of the Corps' permitting in-steam sediment ponds in conjunction with its approval of valley fills. The parties agreed that these issues were appropriate for resolution by partial summary judgment and sufficiently discreet to be addressed apart from the other challenges to the Corps' permits which required the bench trial and extensive briefing. Unfortunately, I was not able to decide the partial summary judgment until June 13, 2007, well after the other decision.

The first issue is whether to stay the effect of the June 13 Order. Intervenor-Defendants argue that a stay is warranted for several reasons. They point out that the sediment ponds have been constructed and are integral to the valley fills authorized by the Court in its limited stay of the March 23 Order. They argue that sediment ponds constructed before the June 13 Order cannot be removed and there is no feasible alternative to their continued use. Plaintiffs dispute the relevance of the infeasibility claim and assert that a stay of the June 13 Order would be premature as they have not yet sought injunctive relief.[1] I agree with the Intervenor-Defendants that a limited stay of the June

---

[1] Plaintiffs' opposition response states that the June 13 Order addressed only their request for declaratory relief and not their request for rescission of the permits. By the time I decided the partial
(continued...)

13 Order is appropriate. Therefore, the Court **STAYS** the June 13 Order in that it shall not apply to the sediment ponds as permitted by the Corps for those valley fills authorized by the Court's April 20 and July 12, 2007 Orders. This limited stay is consistent with those Orders, and it is based upon the same rationale.

Rule 54(b) of the Federal Rules of Civil Procedure permits a court to enter final judgment as to less than all the claims or parties to an action under limited circumstances, thus allowing appeal on fewer than all the claims in a multi-claim, multiparty action. To properly exercise its discretion under Rule 54(b), the district court is required to consider two factors: whether the judgment is final, in the sense that it is an ultimate disposition of an individual claim, and whether there is no just reason for delay in the entry of judgment. This latter factor entails a number of consideration, such as:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

---

[1](...continued)
summary judgment, I had rescinded the permits on other grounds. Implicitly in my granting the declaratory relief Plaintiffs sought, the partial summary judgment also would result in rescinding the permits insofar as they allowed use of in-stream sediment ponds. The fact that the June 13 Order did not specifically enjoin the Corps or the Intervenor-Defendants from constructing or using in-stream sediments ponds, or otherwise include injunctive relief, does not alter this effect.

*Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335-36 (4th Cir. 1993) (citations omitted).

These two factors, and the matters to be considered under each, weigh in favor of entry of a final judgment. Clearly, the June 13 Order is an ultimate disposition of the individual claim addressed therein. No further proceedings involving these permits will address this claim. Turning to the second factor, each consideration militates in favor of entering final judgment. The claims against the Defendant Corps and these permittee Intervenor-Defendants have all been adjudicated by virtue of the March 23 and June 13 Orders. The remaining claims concern only the permits issued by the Defendant Corps to newly-added Intervenors under the Amended Complaints. The claims that remain pending against the newly added parties are being held in abeyance pending the appeal of the March 23 Order. There is little possibility that the need for review might be mooted by future developments or that the appeals court might be obliged to consider the issue a second time.

Plaintiffs state they do not intend to seek injunctive relief to force Intervenors to cease use of the sediment ponds. Rather, they apparently hope to hold the June 13 Order in reserve until the appeals court decides whether to affirm or reverse the March 13 Order. Effecting this strategy would simply prolong the litigation and place the Corps and the Intervenors in an uncertain legal quandary. If final judgment is entered now on the June 13 Order so as to facilitate appeal, both Orders will be reviewed by the appeal court contemporaneously. The ultimate resolution of the in-stream sediment pond issues could be resolved at the same time as the other issues, leaving only the application of those decision to the subsequent permits and newly-added parties. It makes little sense to leave the June 13 Order in limbo while the March 23 Order is reviewed on appeal. Instead,

I am persuaded that entry of final judgment will best serve the efficient use of judicial resources and public interest. Thus, the Court **FINDS** that there is no just reason to delay entry of final judgment.

Accordingly, the Court certifies its June 13, 2007 Memorandum Opinion and Order is a final judgment under Rule 54(b). The Clerk is **DIRECTED** to enter final judgment with respect to the claim upon which the Court granted partial summary judgment in favor of Plaintiffs. Furthermore, the Court **GRANTS in part** a limited stay of the effect of the June 13 Order pending completion of an appeal.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                    ENTER:      September 13, 2007

                    ROBERT C. CHAMBERS
                    UNITED STATES DISTRICT JUDGE