IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, et al.,

        Plaintiffs,

v.                                                CIVIL ACTION NOs.  3:05-0784
                                                                                3:06-0438

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

        Defendants.

v.

INDEPENDENCE COAL COMPANY, et. al.,

        Intervenor-Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the U.S. Army Corps of Engineers' ("the Corps") Motion to Stay All Proceedings Regarding the Mingo Logan Coal Company's Spruce No. 1 Permit for 30 Days (Doc. 459). For the following reasons, the motion is **GRANTED.**

On September 4, 2009, the Corps filed the above mentioned motion. The motion was filed in response to a letter received by the Corps from the U.S. Environmental Protection Agency ("EPA") on September 3, 2009. In its letter, the EPA requested that the Corps use its discretionary authority under 33 C.F.R. 325.7 to suspend, revoke or modify the Spruce No. 1 permit. EPA's request is based upon the agency's belief "that reevaluation of the circumstances and conditions of the permit is in the public interest." *U.S.'s Mot. for Stay,* Ex. 1,

EPA Letter to Colonel Robert Peterson, September 3, 2009.  Specifically, EPA is concerned about the permit's potential to degrade downstream water quality, contributing to violations of narrative water quality standards; the project's potential for cumulative impacts in the Coal River watershed; and scientific and field observations that suggest that the compensatory mitigation measures currently accepted by the Corps may not result in sufficient functional replacement of lost aquatic resources.  *Id.*  Mingo Logan Coal Company ("Mingo Logan") opposes the Corps' motion, noting that it first sought the Spruce No. 1 permit in the mid 1990s; worked hand-in-hand with the Corps for nearly a decade to define the permit's scope; and, after 30 months of litigation and delays, is entitled to a prompt resolution of this case.[1]

The Corps issued the Spruce No. 1 permit on January 22, 2007.  The decision to issue the permit followed nearly a decade of negotiation and study, including the preparation of the only Environmental Impact Study ("EIS") conducted for a § 404 permit for coal mining operations on private land in West Virginia.  Mingo Logan commenced its operations under the Spruce No. 1 permit with no objections from EPA.  However, the instant challenge to the permit was initiated by Plaintiffs on January 30, 2007, the same month the permit issued.  On February 1, 2007, in response to Plaintiffs' motion for a temporary restraining order, Mingo Logan agreed to restrict the scope of its mining operations under the permit.  Since that time, mining operations have continued under the Spruce No. 1 permit in accord with this agreement.  *See* Doc. 257.

Mingo Logan opposes the Corps' motion arguing that: (1) the EPA letter fails to present any new information material to the permit determination, and (2) that it would be unfair to Mingo Logan, after a decade of investment in the Spruce No. 1 permit and its litigation, to stay

---

[1]Plaintiffs' do not oppose the Corps' motion, on the condition that Plaintiffs' date for response to Mingo Logan's motion for summary judgement is subject to the stay.

the proceedings. Instead, Mingo Logan requests the Court either order the Corps to submit its response to a motion for summary judgment filed by Mingo Logan on July 16, 2009, or inform the Corps that a failure to submit such a response will waive its right to do so.

Under 33 C.F.R. 325.7, the Corps' district engineer possesses the discretionary authority to "reevaluate the circumstances and conditions of any permit ... either on his own motion, at the request of the permittee, or a third party." 33 C.F.R. 325.7(a). The district engineer may exercise this authority at any time during the life cycle of a permit and, after such reevaluation, may "initiate [an] action to modify, suspend, or revoke a permit as may be made necessary by considerations of the public interest." *Id.* The Court's power to stay an action derives from its inherent power to control its own docket. *See, e.g., United States v. Georgia Pacific, Corp.*, 562 F.2d 294, 296 (4th Cir. 1977). This discretionary power is well recognized, however, it is not without limitation. *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Instead, the determination of a motion to stay "calls for an exercise of judgment which must weigh competing interests and maintain an even balance." *Id.* (internal quotations and citations omitted). In other words, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm against whom it is operative." *Id.*

In the instant case, a 30-day stay would allow the Corps to consider the EPA's request that the Spruce No. 1 permit be suspended, modified or revoked under 33 C.F.R. 325.7. This request is in accord with the Corps' discretionary authority under its regulations. Further, a 30-day stay would provide the Corps with sufficient time to evaluate the arguments presented by EPA, a federal agency vested with considerable authority and expertise to determine and maintain industry compliance with the environmental statutes. As Mingo Logan points out, the EPA letter does not provide substantial new information regarding the Spruce No. 1 permit.

Additionally, several aspects of the permit are regulated by state agencies.  Nonetheless, exercise of the Corps' authority under 33 C.F.R. 325.7 neither requires the presentation of new information nor that the Corps be the sole authority in charge of permit compliance.  Instead, 33 C.F.R. 325.7 provides that the Corps may reconsider a permit issued by it, at any time, if such reconsideration is in the public interest.  33 C.F.R. 325.7(a).

Accordingly, the Court **FINDS** that, based on the Corps' discretionary authority under 33 C.F.R. 325.7, in conjunction with EPA's September 3, 2009, letter, the Corps' request provides clear and convincing circumstances to justify a 30-day stay.  Further, because the stay will not affect Mingo Logan's ability to conduct mining operations pursuant to Parties' earlier agreement, the harm to Mingo Logan does not outweigh the benefit of the requested stay.  A 30-day stay of all proceedings is therefore **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: September 15, 2009

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE