IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION, et al.,

               Plaintiffs,

v.                                  CIVIL   ACTION   NO.   3:05-0784

UNITED STATES ARMY CORPS
OF ENGINEERS, et al.,

               Defendants.

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Plaintiffs' Motion for Leave to File a Seventh Amended and Supplemental Complaint (ECF No. 513).  For the reasons set forth below, the Motion is **GRANTED**.

## DISCUSSION

Plaintiffs' proposed Seventh Amended and Supplemental Complaint contains four counts. Counts One and Four raise new legal claims.  Counts Two and Three are restated from Counts One and Two of the currently operative Second Amended Sixth Supplemental Complaint.  "[O]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading."  Fed R. Civ. P. 15(d).  Though leave to amend or supplement should generally be freely granted, a court may deny a motion to supplement or amend when the amendment would be futile.  *Forman v. Davis*, 371 U.S. 178, 182 (1962).  The Fourth Circuit has explained that "[l]eave to amend . . . should only be denied on the ground of futility when the proposed

amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).  The United States Army Corps of Engineers ("the Corps") and Intervenor-Defendant Mingo Logan Coal Company ("Mingo Logan") oppose the motion for various reasons discussed below.

Count One of Plaintiffs' Proposed Seventh Amended and Supplemental Complaint seeks to enforce the Environmental Protection Agency's ("EPA") veto of Mingo Logan's permit.  The Corps and Mingo Logan contend that Count One is futile because the EPA's veto has been vacated by *Mingo Logan Coal Co., Inc. v. United States Envtl. Prot. Agency*, ___ F. Supp. 2d ___, 2012 WL 915880 (D.D.C. March 23, 2012) and an appeal is presently being litigated in front of the United States Court of Appeals for the District of Columbia Circuit.  Count One is not clearly insufficient or frivolous on its face, and the ongoing litigation in the Court of Appeals does not render Plaintiffs' proposed Count One futile.  The Court notes that the parties in the appellate proceeding have filed a stipulation whereby Mingo Logan, "agrees to not discharge any dredged or fill material into the disposal sites that were the subject of the 'Final Determination of the U.S. Environmental Protection Agency Pursuant to § 404(c) of the Clean Water Act Concerning the Spruce No. 1 Mine . . .' issued January 13, 2011," until a mandate issues from that Court.  *Joint Stipulation*, ECF No. 511-1.  In light of this stipulation, the Court would likely grant a motion to stay Plaintiffs' proposed Count One pending resolution of the appellate proceedings.

Counts Two and Three restate and bring up to date Counts One and Two from the Second Amended Sixth Supplemental Complaint.  The Corps opposes the inclusion of these counts because they incorporate, by reference, post-permit factual allegations.  This evidentiary argument is not a proper basis for denying a motion to amend.  Mingo Logan opposes them

because they are substantially identical to claims stated in an earlier complaint and effectively add nothing to the case.   In support, they argue that "[a]n amended complaint is futile if it merely restates the same facts as the original complaint in different terms. . . ."   *Pietsch v. McKissack & McKissack*, 677 F. Supp. 2d 325, 328 (D.D.C. 2010).   This argument is similarly unavailing. Plaintiffs are not seeking leave to file an amended complaint which merely restates the same facts as the original.   They are seeking to add two new counts, restate two prior counts, and bring their claims up to date.

Count Four alleges that the Corps' refusal to prepare a supplemental Environmental Impact Statement ("SEIS") on the Spruce No. 1 Mine violates the APA and NEPA.   Mingo Logan and the Corps' opposition to this claim relies on this Court's prior opinion in *OVEC v. United States Army Corps of Engineers*, 841 F. Supp. 2d 968 (S.D.W. Va. 2012).   In that case, the Court found a NEPA supplementation claim to be futile because it was based largely on post-permit scientific studies that were unavailable to the Corps at the time that the agency issued the initial permit.   In this case, the EPA formally asked the Corps suspend or revoke the Spruce permit and to prepare a supplemental EIS.   In so doing, the EPA brought the relevant scientific literature directly to the agency's attention, and the Corps responded with a formal written decision not to revoke the Spruce permit and not to supplement the EIS.   The posture of this case is materially distinguishable from the Highland case, and Plaintiffs' supplementation claim is not futile.

## CONCLUSION

Plaintiffs' Motion for Leave to File a Seventh Amended and Supplemental Complaint (ECF No. 513) is **GRANTED**.   The Clerk is **DIRECTED** to file Plaintiffs' Seventh Amended and Supplemental Complaint.   Pursuant to the jointly proposed schedule adopted by this Court's

June 5, 2012 Order (ECF No. 512), the parties are **DIRECTED** to file, within seven (7) days, a proposed schedule for filing and resolving any motions for summary judgment relating to the Supplemental Complaint.   The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.


ENTER:        July 25, 2012


ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

4